# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEWAYNE EDWARD DEELA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-483-KEW |
| | ) |
| ANNETT HOLDINGS, INC., | ) |
| d/b/a TMC TRANSPORTATION; and | ) |
| DAVID WAYNE KING, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Dismiss for Failure to State a Claim (Docket Entry #64). Plaintiff Dewayne Edward Deela ("Deela") initiated this action in the District Court in and for Atoka County, Oklahoma on December 4, 2017 and the action was subsequently removed by Defendants Annett Holdings, Inc. d/b/a TMC Transportation ("TMC") and David Wayne King ("King") to this Court on December 29, 2017. The parties consented to the undersigned on March 16, 2018.

In the original Petition, Deela alleged that on April 28, 2017, King was driving onto U.S. Highway 69 in front of Deela who was travelling south on Highway 69. He stated that he did not have time to avoid King's vehicle and collided into it, causing him injury. Deela alleged King was driving in the course and scope of his employment with TMC. He further stated that the accident was caused by King's negligence in (1) failing to yield to Deela's vehicle; (2) failing to keep a proper lookout; (3)

making an improper left turn; (4) failing to stop at the stop sign; (5) driving too fast for the conditions; (6) violating various city ordinances, state statutes, and federal regulations; and (7) being "otherwise negligent" which would be explained further after discovery. Deela also asserted a claim for negligent entrustment against TMC and contended TMC was liable under a theory of *respondeat superior*. In compensation for his alleged injuries, Deela sought compensatory and punitive damages.

As an initial matter, Defendants acknowledge that they mischaracterized their motion as one seeking dismissal under Fed. R. Civ. P. 12(b)(6) when it should have been asserted under Fed. R. Civ. P. 12(c) for judgment on the pleadings. A motion for judgment on the pleadings is considered under the same standard as a motion to dismiss. Ward v. Utah, 321 F.3d 1263, 1266 (10th Cir. 2003) citing Ramirez v. Dep't of Corr., 222 F.3d 1238, 1240 (10th Cir. 2000). In ruling on a motion for judgment on the pleadings, courts look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief—that is, a complaint must include "enough facts to state a claim for relief that is plausible on its face." TON Servs., Inc. v. Qwest Corp., 493 F.3d 1225, 1236 (10th Cir. 2007). The Court accepts as true the well-pleaded factual allegations of the opposing party and draws all reasonable inferences in its favor. *See* Nelson v. State Farm Mut. Auto. Ins. Co., 419 F.3d 1117, 1119

(10th Cir. 2005).  In ruling on a motion for judgment on the pleadings, the Court may consider the complaint, any material that is attached to the complaint, and the answer.  *See* Park Univ. Enters. v. Am. Cas. Co., 442 F.3d 1239, 1244 (10th Cir. 2006). Additionally, the Court may take judicial notice of court documents.  Denver Health & Hosp. Auth. v. Beverage Distrib. Co., LLC, 546 F. App'x 742, 747 n.3 (10th Cir. 2013).

Defendants first contend Deela failed to state a claim for negligence *per se*.  The following elements must be shown in order to establish a negligence per se claim: (1) the claimed injury is of a type intended to be prevented by the statute or regulation; (2) the injured party is a member of the class intended to be protected by the statute or regulation; and (3) the claimed injury was caused by the statutory or regulatory violation.  Bristow First Assembly of God v. BP p.l.c., 210 F. Supp. 3d 1284, 1294 (N.D. Okla. 2016) citing Howard v. Zimmer, 299 P.3d 463, 474 (Okla. 2013).  Defendants challenge the adequacy of Deela's assertion of the negligence *per se* claim since he did not identify the specific statutes or regulations allegedly violated by King which led to his injuries.  Make no mistake – Deela's Petition is deficient in identifying the violated laws or regulations and would have been required to amend the initiating pleading to rectify the deficiency.  Given the advanced stage to which this case has progressed, the question is whether the failure to make the

3

identification prejudices Defendants' ability to defend their interests at trial.

In their response to the Motion, Deela stated that he was asserting violations of Okla. Stat. tit. 47, §11-404 (requiring drivers entering a highway to yield the right-of-way to other drivers already on the highway), Okla. Stat. tit. 47, §11-201 (requiring drivers to obey all traffic signs, signals, and markings), 49 C.F.R. §392.14 (Federal Motor Carrier Safety Regulations requiring drivers to exercise caution when driving in any conditions which can affect visibility or traction). This statement placed Defendants on notice of the specific statutes, the violation of which Deela sought recovery. Deela will be limited to proceeding to trial on these statutes only.

With regard to the negligent entrustment claim, this Court has rendered a ruling on Defendants' Motion for Partial Summary Judgment which addresses the viability of that claim. The same ruling is adopted in this Opinion and Order.

Defendants also seek judgment on the pleadings on the claim that King was "otherwise negligent" with a promise that the negligence will be explained after discovery. This vague and illusory "claim" violates the express provisions and spirit of Fed. R. Civ. 8(a) and will not be allowed.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss for Failure to State a Claim (Docket Entry #64) is hereby **GRANTED**

to the extent the ethereal "otherwise negligent" claim is **DISMISSED** and the claim for negligence *per* se is limited as set forth herein. The remainder of the Motion is hereby **DENIED**.

IT IS SO ORDERED this 29th day of October, 2019.

*Kimberly E. West*
Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma