## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

```
DEWAYNE EDWARD DEELA,          )
                              )
            Plaintiff,         )
                              )
v.                            )   Case No. CIV-17-483-KEW
                              )
ANNETT HOLDINGS, INC.,        )
d/b/a TMC TRANSPORTATION; and )
DAVID WAYNE KING,             )
                              )
            Defendants.        )
```

### OPINION AND ORDER

This matter comes before the Court on Defendants' Motion for Partial Summary Judgment (Docket Entry #81). Plaintiff initiated this action in the District Court in and for Atoka County, Oklahoma on December 4, 2017 and the action was subsequently removed by Defendants to this Court on December 29, 2017. The parties consented to the undersigned on March 16, 2018.

On April 28, 2017, at approximately 5:58 a.m., a motor vehicle accident occurred involving a semi-tractor trailer driven by Defendant David Wayne King ("King") and a pickup driven by Plaintiff Dewayne Edward Deela ("Deela"). At the time of the accident, King had been Defendant Annett Holdings, Inc. d/b/a TMC Transportation's ("TMC") independent contractor for over four years, and King was acting in the course and scope of his agency with TMC. Deela alleges in this action that King and TMC were negligent in failing to yield to Deela's vehicle, failing to keep a proper lookout, making an improper left turn, failing to stop at

the stop sign, driving too fast for the conditions, violating various city ordinances, state statutes, and federal regulations, and was "otherwise negligent" to be explained further after discovery. Deela also alleges that TMC was

> negligent and reckless in entrusting King with the use of its vehicle in that it knew or should have known that King was not safe to drive, was not competent or fit for the duties required of him as an employee, had a propensity for negligent driving, driving while distracted and/or was not competent to drive safely, and entrusted him with driving an unsafe vehicle.

*See* Petition, Docket Entry No. 2-2.

King graduated from truck driving school on January 27, 2012. Soon after, King applied to be an over-the-road driver for TMC, and he was subsequently hired. On January 16, 2015, King signed an Independent Contractor Agreement ("ICA"). The ICA provides that King would provide TMC with "transportation related services and the use of the equipment" set forth in the ICA, which consisted of a 2007 PTRB tractor. King represented that he had "title to or is authorized to contract the Equipment and services" to TMC. He also agreed to "notify [TMC] prior to making any change in the Equipment status, such as selling, trading, or replacing the Equipment." The ICA stated that

> [u]pon taking possession of the Equipment from [King], [TMC] shall furnish to [King] a receipt for the Equipment, which shall constitute the receipt required by 49 C.F.R.

§ 376.11(b). Upon termination of this
Agreement, [King] shall execute a similar
receipt for equipment as the written receipt
for the return of the Equipment by [TMC] to
[King]; provided, however that the Agreement
and [TMC's] obligations thereunder shall
expire upon the written notice of termination
regardless of whether [King] submits the
receipt required under this provision.

*See* Defendant's Motion for Partial Summary
Judgment, Exh. 6.

King received a traffic citation in 2014 while with TMC and was involved in a traffic accident a month or two prior to the collision which forms the subject matter of this case for which he received a reprimand from TMC. Deela also challenges the adequacy of King's training, sleep the night prior to the accident, and King's knowledge of the "rules of the road."

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Universal Money Centers v. A.T. & T., 22 F.3d 1527, 1529 (10th Cir.), *cert. denied*, 513 U.S. 1052, 115 S.Ct. 655, 130 L.Ed.2d 558 (1994). The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106

S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed 2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. Applied Genetics v. Fist Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990); Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

TMC and King first contend that TMC did not entrust a semi-tractor to King because King owned the semi-tractor that he was driving. "An actionable, common law claim for negligent entrustment exists when a person who owns or has possession and control of an automobile allows another driver to operate the automobile when the person knows or reasonably should know that the other driver is careless, reckless and incompetent, and an injury results therefrom." Green v. Harris, 70 P.3d 866, 868

4

(Okla. 2003). TMC may be correct that legal title to the semi-tractor rests in King's name. The <u>Green</u> case, however, makes clear that "liability for negligent entrustment of a motor vehicle is not necessarily controlled by legal ownership of the vehicle" since possession and control may also warrant liability. <u>Id</u>. at 871. Moreover, the ICA's terms in Paragraph No. 1 contributes to creating a question of fact as to whether TMC possessed and/or controlled the semi-tractor trailer in this case.

TMC next contends that even if TMC entrusted the semi-tractor to King, the evidence does not support a finding of carelessness, recklessness, or incompetence in the manner in which King operated the vehicle and TMC's knowledge of any such conduct. "The question of negligent entrustment is one of fact for the jury. Such facts may be proved by circumstantial as well as positive or direct evidence." <u>Id</u>. at 868-69 (citations omitted). Given the multiple possible interpretations of King's prior actions, TMC's knowledge of his training and ability to properly operate a semi-tractor trailer on the road, and the facts and circumstances surrounding the accident, the evidence on the issue of negligent entrustment should be left to the trier of fact, subject to the presentation of the evidence at trial.

TMC and King also contend that Deela's assertion of punitive damages should also be dismissed, both for TMC's negligent entrustment claim and for King's alleged negligence resulting in *respondeat superior* liability. Initially, TMC and King contend that Deela has improperly plead punitive damages as a separate cause of action. Clearly, "[p]unitive damages, like compensatory damages, do not stand alone as a separate cause of action; they constitute an element of damage subject to proof in connection with" Deela's negligence claim. Nelson v. Am. Hometown Publ'g, Inc., 333 P.3d 962, 974 (Okla. Ct. Civ. App. 2014). As to whether the facts of this case should warrant an assertion of punitive damages, this Court concurs with our sister court which concluded "there is little danger of prejudice in waiting for the facts to be presented to the jury. A decision regarding a punitive damages instruction can be made at that time." Longoria v. Khachatryan, 2016 WL 5372831, at *5 (N.D. Okla. Sept. 26, 2016). It is worth noting the admonition given by the Court in Longoria — "Based on the foregoing, the Court denies Khachatryan's motion for summary judgment but cautions the plaintiff that, without additional evidence that moves the evidentiary scale substantially in the direction of reckless behavior on the part of Khachatryan, the Court will not likely give a jury instruction on the issue of

punitive damages." Id. In this Court's view and based upon the evidence presented thus far, a similar burden rests on Deela in this case.

IT IS THEREFORE ORDERED that Defendants' Motion for Partial Summary Judgment (Docket Entry #81) is hereby **DENIED**.

IT IS SO ORDERED this 29th day of October, 2019.

Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma